NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50087 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00275-ODW-1 |
| v. | |
| WILLIAM CURTIS FLOYD III, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted September 12, 2023**

Before:      CANBY, CALLAHAN, and OWENS, Circuit Judges.

William Curtin Floyd III appeals from the district court's judgment and challenges the 36-month term of imprisonment and 20-month term of supervised release imposed upon the second revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Floyd contends that the district court erred by failing to consider his arguments, failing to explain the sentence adequately, and basing the sentence on improper factors. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court listened to Floyd's arguments but concluded that an above-Guidelines imprisonment term and additional supervision were warranted in light of Floyd's repeated violations of court orders. The court's explanation was sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the district court relied only on proper sentencing factors. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (the seriousness of the offense underlying the revocation "may be considered to a lesser degree as part of the criminal history of the violator").

Floyd also contends that the sentence is substantively unreasonable because the significant upward variance was unwarranted. In light of the § 3583(e) sentencing factors and the totality of the circumstances, however, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

We do not reach the parties' dispute over the supervised release term because neither party seeks modification of the 20-month term imposed in the written judgment.

**AFFIRMED.**

2                                                                                                            22-50087